UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL RIGHTS ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>J.B. PRITZKER, et al.,<br><br>        Defendants. | Civil Action No. 25-mc-0152 (JEB) |

**U.S. GOVERNMENT'S RESPONSE TO
PLAINTIFF'S COMPLAINT AND MOTION TO COMPEL**

Pursuant to the Court's October 20, 2025, Minute Order, the United States of America, by and through undersigned counsel, hereby responds to Plaintiff American Civil Rights Association's filing, ECF No. 1 ("Application pursuant to LCrR 57.6 to Unseal and Disclose Records"). In addition, although not so directed by the Court, the United States of America also responds to Plaintiff's filing, ECF No. 2 ("Motion to Compel").

**I.    ECF No. 1**

Plaintiff filed ECF No. 1 on the docket as an "Application pursuant to LCrR 57.6 to Unseal and Disclose Records." However, Plaintiff's filing, ECF No. 1, includes no allegations, or indication otherwise, that it is so intended.

Under LCrR 57.6, "[a]ny news organization or other interested person . . . who seeks relief relating to any aspect of proceedings in a criminal case, or relief relating to a criminal investigative or grand jury matter, shall file an application for such relief with the Court." Such application "shall include a statement of the applicant's interest in the matter as to which relief is sought, a statement of facts, and a specific prayer for relief." LCrR 57.6. Here, Plaintiff's filing, ECF No. 1,

includes no statement of the party's interest, no mention of the matter as to which relief is sought, and no application-specific prayer for relief. *See* ECF No. 1. Apart from being docketed as an Application pursuant to LCrR 57.6 to Unseal and Disclose Records, the filing nowhere references sealed records, and nowhere purports to apply for relief pursuant to LCrR 57.6. *See id.* To the extent Plaintiff nonetheless intends the filing to be treated as an application pursuant to LCrR 57.6, it does not provide adequate facts to which the United States can respond.

Instead, Plaintiff's filing appears intended as a complaint alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The filing is styled as a "Complaint at Law," captioned "Action under Freedom of Information Act," and names individual defendants from whom it seeks relief. *See id.*; *see also* ECF No. 1-1 (Civil Cover Sheet, citing 5 U.S.C. § 552, rather than 18 U.S.C. § 2703, under "Cause of Action"). To the extent intended as a complaint, the federal government notes that the pleading only names Illinois state officials as defendants. *See id.* Accordingly, there does not appear to be a federal defendant whom the undersigned counsel can represent. *Cf. Manning v. Esper*, Civ. A. No. 12-1802 (CKK), 2019 WL 281278, at *2 (D.D.C. Jan. 22, 2019) (dismissing claims for failure to name the United States as a defendant). Furthermore, undersigned counsel is not aware of proper service having been effectuated for a federal defendant. *See generally* Dkt. (including no proof of service filings). In the absence of proper service and a properly stated claim against a federal official or agency, this Court lacks jurisdiction to hear this case with respect to a federal defendant. The federal government also notes that, despite Plaintiff's complaint exclusively naming Illinois state officials as defendants, FOIA authorizes suits only against federal agencies, *Flaherty v. President of U.S.*, 796 F. Supp.

2d 201, 205 (D.D.C. 2011) (citations omitted), and not also state officials, *Neff v. Walker*, Civ. A. No. 09-0386 (ESH), 2009 WL 498071 (D.D.C. Feb. 26, 2009). *See also* 5 U.S.C. § 552(a)(4)(B).[1]

## II.     ECF No. 2

Plaintiff's filing, ECF No. 2, in turn, appears to more closely resemble an Application pursuant to LCrR 57.6 to Unseal and Disclose Records. However, the basis for its filing on this docket is unclear—the filing is made by a different pro se party (David B. Wheeler) operating a different organization (American Muckrakers) than the pro se party who filed ECF No. 1 (J.C. Misra, as Sole Trustee of the American Civil Rights Association). *Compare* ECF No. 2*, with* ECF No. 1. Relatedly, the relief requested, *see* ECF No. 2, at 2-3 (requesting the unsealing of certain records), appears inapposite to that directed by the Court in its October 20, 2025, Minute Order, which directed the federal government respond to ECF No. 1. Finally, the United States notes that service has not been properly effectuated, and thus any obligation to respond—to ECF No. 1, whether construed as an Application pursuant to LCrR 57.6 or Complaint, and to ECF No. 2, whether construed as a Motion to Compel or, itself, an Application pursuant to LCrR 57.6—has not yet arisen. *Morrissey v. Mayorkas*, 17 F.4th 1150, 1156 (D.C. Cir. 2021) ("[s]ervice of

---

[1]     The federal government also notes that Plaintiff appears to seek relief not available to it under FOIA. Plaintiff's filing, ECF No. 1, requests damages and criminal sanctions for purported willful non-compliance with FOIA. *See generally* ECF No. 1. However, FOIA "provides requesters with the potential for injunctive relief only, either to enjoin the withholding of documents or to compel production of agency records." *Johnson v. Exec. Off. for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002); *see also Roman v. Nat'l Reconnaissance Off.*, 952 F. Supp. 2d 159, 164 (D.D.C. 2013) ("FOIA does not provide for monetary damages."). Plaintiff's filing, ECF No. 1, also demands a jury trial; however, "[s]ummary judgment is the procedural vehicle by which FOIA cases typically are resolved." *Harrison v. Fed. Bureau of Prisons*, 681 F. Supp. 2d 76, 80 (D.D.C. 2010) (citation omitted); *see also Love v. U.S. Dep't of Homeland Sec.*, 960 F. Supp. 2d 254, 260 n.9 (D.D.C. 2013) (denying FOIA plaintiff's demand for jury trial). Finally, the federal government notes that Plaintiff does not appear to include basic information about his FOIA request, including that he submitted such request properly. *See generally* ECF No. 1.

process . . . is fundamental to any procedural imposition on a named defendant" (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999))).

*   *   *

For the foregoing reasons, the United States respectfully requests that the Court dismiss this miscellaneous matter and close the case.

|  |  |
|---|---|
| Dated: January 22, 2026<br>Washington, DC | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By:     */s/ William Thanhauser*<br>      WILLIAM THANHAUSER<br>      Assistant United States Attorney<br>      601 D Street, NW<br>      Washington, DC 20530<br>      (202) 252-7706<br><br>*Attorneys for the United States of America* |