UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE 18 U.S.C. § 2703(d) ORDER

INVOLVING SUBSCRIBER RECORDS OF                    Civil Action No. 1:25-mc-0152-JEB

AMERICAN MUCKRAKERS

**REPLY IN FURTHER SUPPORT OF RESPONDENT'S MOTION FOR AN
EXTENSION OF TIME TO RESPOND TO THE APPLICATION**

Pursuant to Federal Rule of Civil Procedure ("Rule") 6(b), the United States of America

("Respondent"), by and through undersigned counsel, respectfully submits this reply in support of

its motion for a 21-day extension of the deadline to respond to Petitioner's Application to Unseal

and Disclose Records, ECF No. 1.  Respondent's response is currently due March 2, 2026.  If the

Court grants Respondent's motion, the response will be due March 23, 2026.

As set forth in Respondent's motion, ECF No. 11, good cause supports an extension.  The

undersigned has worked diligently and expeditiously to identify the correct attorney to handle this

matter and apprise them of the facts surrounding Petitioner's application.  That attorney, however,

requires additional time to review the application; discuss and coordinate with others in her office,

including, as needed, senior leadership; and formulate a response.  Respondent cannot accomplish

these items in the time prescribed; 21 additional days, in turn, would enable Respondent to do so.

The bases for Petitioner's opposition to Respondent's extension motion are unpersuasive.

First, Petitioner insists that Respondent "had repeated actual notice" of its application, thus

"defeat[ing] any claim of surprise."  Pet'r's Opp'n, ¶¶ 5-9.  However, "it is well established that a

"defendant's actual notice of the litigation . . . is insufficient."  *Welenc v. U.S. Dep't of Homeland*

*Sec'y*, Civ. A. No. 07-0453 (RBW), 2008 WL 11495174, at *2 (D.D.C. Sept. 30, 2008) (quoting

*Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991)); *see also*

*Mohammed v. Cooper*, Civ. A. No. 23-1475 (ACR), 2023 WL 4547995, at *2 (D.D.C. July 14, 2023) ("actual notice of the action is immaterial to the sufficiency of service of process" (citation omitted).  Here, where Petitioner failed to properly effectuate service, *see* ECF No. 11, ¶ 2, any "actual notice" by Respondent cannot undermine a finding of good cause.

Second, Petitioner contends that "internal DOJ coordination is not good cause" under Rule 6(b).  Pet'r's Opp'n, ¶¶ 10-12.  However, contrary to Petitioner's contention, courts have routinely held that necessary coordination by the government does provide good cause.  *See, e.g.*, *Cooper v. U.S. Dep't of Justice*, 169 F. Supp. 3d 20, 45-46 (D.D.C. 2016) (granting motion to extend where defendants cited the need to "make sure that necessary coordination" could occur); *McFadden v. WMATA*, Civ. A. No. 14-1115 (RBW), 2014 WL 12776122, at *1 (D.D.C. Sept. 9, 2014) (granting motion to extend where defendants cited, among other reasons "the 'need' for the defendants 'to coordinate'").

Third, Petitioner argues that "the Court [has] already reset the schedule" to "accommodate[] Respondent's earlier mistake" and, as such, granting Respondent's extension motion "would effectively reward the same error twice."  Pet'r's Opp'n, ¶¶ 13-15.  Not so.  In its recent Minute Order (Feb. 24, 2026), the Court simply provided a timeline for the parties to brief Petitioner's Application, in light of the Court's striking of Respondent's earlier responses to such application.  The Minute Order gives no indication that the timeline set out therein is an "accommodat[ion] of Respondent's earlier mistake."  Moreover, the argument that granting a limited extension of a timeline constitutes "twice" "reward[ing]" a purported error severely misconstrues the facts leading up to the Minute Order.  *See* ECF No. 11 (describing those facts).

Fourth, Petitioner argues that granting Respondent's motion to extend would amount to "creat[ing] a more permissive standard for the United States."  Pet'r's Opp'n, ¶¶ 16-19.  In making

this argument, Petitioner includes disparaging remarks about Respondent, but no explanation for how the Court using its "broad discretion," *Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3 (D.D.C. 2003) (citing *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001)), to grant a limited extension amounts to unequal "application of procedural rules." Indeed, Respondent's motion explicitly seeks equal application of procedural rules—it requests that the Court also extend Petitioner's reply deadline by an identical duration. *See* ECF No. 11, ¶ 6.

Finally, Petitioner contends that granting Respondent's motion would prejudice Petitioner inasmuch as it would "[p]reserve[] informational asymmetry," "[p]ostpone judicial review," and "[e]xtend sealed government action affecting a private organization seeking to determine whether its rights were compromised." Pet'r's Opp'n, ¶¶ 20-24. None of these items, by themselves, constitutes prejudice, and Petitioner adduces no facts to explain the prejudice it will purportedly experience through the Court granting the limited extension Respondent seeks. *See Jordan v. U.S. Dep't of Justice*, 315 F. Supp. 3d 584, 594 (D.D.C. 2018) (holding that, where defendant seeks 30-day extension, plaintiff would not suffer any prejudice because the extension is "short" and "would have had little, if any impact on the judicial proceedings of an action still in its early stages").

\*      \*      \*

- 3 -

Accordingly, for the foregoing reasons, Respondent respectfully requests that this Court grant its motion for a 21-day extension of the deadline to respond to Petitioner's Application to Unseal and Disclose Records, ECF No. 1.

Dated: March 2, 2026

Respectfully submitted,

_/s/ William Thanhauser_
WILLIAM THANHAUSER, D.C. Bar #1737034
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-7706
Email: william.thanhauser@usdoj.gov

*Attorney for the United States of America*