# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

## MISC. CASE NO.: 1:25-MC-00152-JEB

_____

)

**IN RE 18 U.S.C. § 2703(d) ORDER**    )

)

**INVOLVING SUBSCRIBER**    )          Assigned To: Chief Judge James E.
)          Boasberg
**RECORDS OF AMERICAN**    )
)          Description: Civil Miscellaneous
**MUCKRAKERS**    )          Case
_____)

## PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION FOR

## EXTENSION OF TIME

Petitioner David B. Wheeler respectfully opposes Respondent's Motion for Extension of Time.

## THE DELAY IS SELF-CREATED

1. Respondent acknowledges that its prior filings were erroneous and were struck by the Court. (See doc. 11)

2. Respondent further recognizes that those incorrect filings delayed proceedings. (See doc. 11)

3. Respondent now seeks an additional 21 days.

4. Rule 6(b) requires good cause. Delay attributable to the moving party's own error does not satisfy that standard.

1

## RESPONDENT HAD REPEATED ACTUAL NOTICE

5. Respondent asserts that service was not effectuated under Rule 4(i) and that it did not become aware of this matter until later. (see doc. 11)

6. That assertion omits material facts. Petitioner transmitted the Application repeatedly:

    a. Via USPS mailings to the United States Attorney's Office;

    b. Via email transmission starting in July 2025;

    c. Via follow-up communications attaching the same materials once Counsel filed an Appearance.

7. These transmissions are attached as Exhibits A–C.

8. From January 22 to February 27, Respondent had more than five weeks to:

    a. Identify the relevant attorney in the underlying matter;

    b. Review the Application;

    c. Coordinate internally;

    d. Prepare a substantive response.

9. Actual notice defeats any claim of surprise.

## INTERNAL DOJ COORDINATION IS NOT GOOD CAUSE

10. Respondent now states that the attorney in the underlying matter requires time to review and consult internally. 11

11. Internal staffing logistics are routine government functions. They do not constitute extraordinary circumstances under Rule 6(b).

12. If internal consultation were sufficient, the United States would effectively receive automatic extensions in every case.

2

**THE COURT ALREADY RESET THE SCHEDULE**

13. At the February 24 status conference, the Court struck Respondent's incorrect filings and ordered a response by March 2. 11

14. That order already accommodated Respondent's earlier mistake.

15. Granting an additional extension would effectively reward the same error twice.

**EQUAL APPLICATION OF PROCEDURAL STANDARDS**

16. Petitioner is proceeding pro se and without institutional resources. Despite that, Petitioner complied with deadlines, followed Court orders, and repeatedly transmitted filings through multiple channels to the DOJ since July 2025, with no progress being made on the release of the documents.

17. Respondent, with institutional resources and counsel, filed pleadings that were struck and now seeks additional time based on internal coordination needs and the inability to read a pleading properly.

18. The Federal Rules apply equally to all parties. Rule 6(b) does not create a more permissive standard for the United States.

19. Petitioner seeks only the even-handed application of procedural rules.

**PREJUDICE**

20. This case concerns the unsealing of materials related to a § 2703(d) order affecting Petitioner and his organization.

21. Delay:

    a. Preserves informational asymmetry;

3

     b.  Postpones judicial review;

     c.  Extends sealed government action affecting a private organization seeking to determine whether its rights were compromised.

22. Respondent has already had:

     a.  Months since the Application was filed;

     b.  Repeated transmissions of the materials;

     c.  More than five weeks of confirmed awareness;

     d.  Two opportunities to file responsive pleadings.

23. The existing March 2 deadline is reasonable.

24. It should also be noted to the Court that Petitioner participates in additional legal actions against individuals in the Trump administration.  Petitioner was recently in North Carolina Superior Court in Mitchell County, and was told he is "on notice" for other actions by legal counsel for Donald John Trump. What "on notice" actually means is unknown, as the Court in that matter admonished counsel for her outburst and she was not allowed to continue her diatribe. Petitioner rightfully questions whether this action by the USDOJ today is related to those additional matters based upon prior actions.

## CONCLUSION

25. Respondent has not demonstrated good cause under Rule 6(b). The delay is self created, and Respondent had repeated actual notice and substantial time to prepare.

26. The Motion should be denied and the documents unsealed.

Respectfully submitted,

DAVID B. WHEELER (pro se)
237 Rock Ledge Rd
Spruce Pine, NC 28777
(312) 213-6001
david@americanmuckrakers.com

## CERTIFICATE OF SERVICE

**I hereby certify** that a copy of the foregoing Response has been served on this

28th day of February 2026 via PACER and email to:

WILLIAM THANHAUSER, D.C. Bar #1737034
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-7706
Email: william.thanhauser@usdoj.gov
*Attorney for the United States of America*

_____

DAVID B. WHEELER (pro se for the Petitioner)
237 Rock Ledge Rd
Spruce Pine, NC 28777
(312) 213-6001
david@americanmuckrakers.com

6