**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE: 18 U.S.C. § 2703(d) ORDER INVOLVING SUBSCRIBER RECORDS OF AMERICAN MUCKRAKERS** | **MISC. CASE NO.: 1:25-MC-00152-JEB** |

## PETITIONER'S REPLY IN SUPPORT OF MOTION TO UNSEAL AND FOR DISCLOSURE OF RECORDS

Petitioner respectfully submits this reply in support of his Application to Unseal and Disclose Records.

### I.      The Government Does Not Dispute That Disclosure Will Ultimately Be Required

1. The government does not contend that the materials sought by Petitioner should remain sealed indefinitely. Instead, it represents that the requested materials will be produced once the underlying investigation concludes.

2. That concession is significant. Under the transparency framework recognized by this Court and the decision in In re Leopold, surveillance-related judicial records are subject to a presumption of public access once the need for investigative secrecy has passed.

3. The government's opposition therefore concerns only the timing of disclosure, not whether disclosure will occur.



RECEIVED

MAR 12 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

4. Petitioner does not seek to compromise legitimate investigative interests. Rather, Petitioner asks the Court to ensure that continued sealing remains justified and that disclosure occurs promptly once secrecy is no longer necessary. Petitioner seeks only to ensure that the continued sealing of these judicial records remains subject to appropriate judicial supervision.

## II.  The Government Provides Only a Conclusory Assertion Supporting Continued Sealing

5. The government's opposition contains only a single substantive assertion: that the §2703(d) order "is part of a criminal investigation that remains open."

6. While an open investigation may justify temporary sealing, courts evaluating requests to maintain sealed judicial records typically require more than a bare assertion. In similar matters involving continued sealing of surveillance-related judicial records, courts often review declarations submitted by the government explaining the specific risks that disclosure would pose to an ongoing investigation.

7. Here, the government has submitted no declaration and no factual explanation supporting continued sealing.

8. Notably, the government's opposition is limited to a single page and contains no supporting evidentiary submission explaining how disclosure of the requested materials would interfere with the asserted investigation.

9. Because the materials at issue are judicial records, the Court retains an independent obligation to determine whether continued sealing remains justified rather than relying solely on a party's conclusory assertion.

10. Because the government seeks to maintain the seal, it bears the burden of demonstrating that continued secrecy remains necessary.

11. If the Court concludes that the investigation remains sufficiently sensitive to justify nondisclosure currently, Petitioner respectfully requests that the Court require the government to submit an appropriate declaration, whether publicly or ex parte, supporting the need for continued sealing.

### III.    The Scope and Age of the Order Underscore the Need for Judicial Review

12. The §2703(d) order itself reflects a narrow and historical request for records.

13. The order sought non-content metadata relating to a single Google account and was limited to a one-month period between November 14 and December 14, 2022.

14. The order expressly excluded the contents of communications and instead sought subscriber information, device identifiers, connection logs, and related metadata associated with the account.

15. These characteristics underscore that the request concerned a discrete historical event rather than ongoing surveillance.

16. The activity examined occurred more than three years ago, and the order itself was issued in December 2023.

17. The passage of time since the events covered by the order further underscores the need for meaningful judicial oversight of continued sealing.

18. While the Court may determine that the underlying investigation still justifies temporary nondisclosure, the limited scope and age of the records reinforce the importance of judicial review of the continued sealing of these judicial records.

**IV.    First Amendment Interests Warrant Careful Judicial Supervision**

19. Petitioner, American Muckrakers, is an organization engaged in political advocacy and investigative activity involving public officials. Investigative demands directed at digital accounts associated with such activity may implicate associational and expressive interests protected by the First Amendment to the United States Constitution.

20. The Supreme Court has long recognized that compelled disclosure affecting political associations may chill protected expression. See, e.g., NAACP v. Alabama.

21. Petitioner does not contend that organizations engaged in advocacy are immune from lawful investigation. However, where investigative tools intersect with political speech and association, courts have recognized the importance of careful judicial supervision to ensure that secrecy does not extend beyond what is necessary.

22. These considerations further support the need for periodic judicial review of the sealing determination.


**V.    The Court Should Ensure Ongoing Oversight of the Sealing Determination**

23. Consistent with the transparency principles recognized in In re Leopold, the Court should ensure that sealing continues only so long as necessary.

4

24. Indefinite sealing of surveillance-related judicial records based solely on the pendency of an investigation would be inconsistent with the transparency framework recognized in re Leopold.

25. If the Court determines that disclosure should remain deferred while the investigation remains open, Petitioner respectfully requests that the Court:

    a.   Require the government to submit a declaration supporting continued sealing.

    b.   Direct the government to provide periodic status reports confirming whether the investigation remains open;

    c.   Require the government to notify the Court promptly when the investigation concludes so that the materials may be unsealed without further motion practice.

26. Petitioner further requests that any status report indicate whether the investigation remains actively ongoing or merely administratively open so that the Court may assess whether continued sealing remains justified.

27. The Court may also consider whether the underlying application or related docket materials could be disclosed as a whole or in appropriately redacted form without compromising investigative interests.

28. Such procedures appropriately balance the government's interest in investigative secrecy with the public's interest in access to judicial records.

## VI.   CONCLUSION

29. For the foregoing reasons, Petitioner respectfully requests that the Court grant the Application to Unseal and Disclose Records or, in the alternative, impose appropriate

procedures ensuring that continued sealing is subject to meaningful judicial review and that the records are disclosed promptly once the need for secrecy has ended.

30. At a minimum, the Court should ensure that the continued sealing of these judicial records remains subject to meaningful review rather than indefinite secrecy.

Respectfully Submitted,

DAVID B. WHEELER
237 Rock Ledge Rd
Spruce Pine, NC 28777
(312) 213-6001
david@americanmuckrakers.com
PRO SE PETITIONER

## CERTIFICATE OF SERVICE

**I hereby certify** that a copy of the foregoing Reply has been served on this 12th day March 2026, via email to:

WILLIAM THANHAUSER, D.C. Bar #1737034
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-7706
Email: william.thanhauser@usdoj.gov
Attorney for the United States of America

_____

DAVID B. WHEELER
237 Rock Ledge Rd
Spruce Pine, NC 28777
(312) 213-6001
david@americanmuckrakers.com
PRO SE PETITIONER